Counsel. Thank you, Your Honor. May it please the court, Michael Marks, Federal Defenders of San Diego, for Mr. Cendejas. The district court, in this case, miscalculated the guidelines. Instead of the seven to 13 guidelines that should have applied to the grade C violation, the district court calculated 18 to 24 month guidelines. And the sentence that it ultimately selected was 24 months at the high end of that improper guideline range, 11 months above the high end of what would have and should have been the proper guideline calculation. Under any standard of review, in this court's case law, that is an error that warrants reversal. This needs to go back for re-sentencing based on the proper guideline calculation. Let me start with what we agree on. There is an unambiguous judgment, an unambiguous minute order in this case, that's consistent with the district court's oral ruling, that the allegation that was sustained was allegation four. And the government concedes that allegation four was, is, a grade C violation, not a grade B violation. And the government is, I think, attempting to lure the court into a discussion of whether or not the, the judgment is, is wrong. And there's simply no reason to revisit that. And the first and most obvious reason is, they had a chance to do that alone. It didn't. There was, there was a minute order. I get them all the time. There's an ECF order that says, you get an email that says, this is what happened. And this minute order said, this is what happened, sustained allegation four, not allegation three. You can call the clerk, they didn't do that. There was an unambiguous judgment that was filed. Again, gets ECF, emailed it, the, the lawyer can look at it, and they did not. Or I don't know if they looked at it, but they certainly didn't request that it be changed or amended. It could have appealed to this court or cross-appealed our appeal and said, you know, there was, there was a problem here. This judgment is incorrect. Or that the judge, the judge should have in fact sustained allegation three. But they didn't do that. And so now for the first time in their response, they're saying, well no, there was a clerical error, we, the judge actually got that wrong. And it's, it's inconsistent with the record that was laid before the district court. But at the during the hearing before the district court, the defendant's counsel agreed with the district court after the district court determined that the violation constituted a grade B violation. And counsel didn't correct the district court that if you only sustain allegation four, then it's not a grade B violation. Does that affect the standard review here? Because counsel, did counsel invite the error, first of all? Well, it, it may affect the standard of review here. At the end of the sentencing hearing, the defense counsel did say that he objected to procedural reasonableness of the sentence. And the district court didn't ask him to explain any further what he meant by that. But even under a plain error standard of review, we prevail. There's really an abundance of cases that say where, where there's a straightforward guidelines application error, such as this one. That where there's prejudice from that error, it really does satisfy the final two prongs of the plain error test. But that's only if the court accept the, the appellant's argument that the court only sustained allegation four. But isn't there the evidence in the record support, would have supported an allegation three, would have sustained allegation three, wouldn't it? Because this was the second revocation hearing. So the, the defendant would have been before the same court at a prior revocation hearing, then he was deported and then he re-entered. I think that the government could have gotten there fairly easily, but they didn't. What happened is, at the evidentiary hearing, is the government introduced evidence that Mr. Sindejas had entered the United States on July 2012. And then they had an A-file custodian, the, the border patrol agent that has possession of the, the A-file and all the documents in it. And out of all of those documents, what they chose to present was evidence that Mr. Sindejas had been removed, ordered removed, and then removed after he had passed proof of the removal, before he had entered. After the close of evidence, and after everyone submitted, the government counsel did say, well judge, you can, you can take judicial notice of the fact that he has the prior removal and he has the prior deportation and, and, and that's all, you can, you can take judicial notice of that. The evidence was closed at that point and the judge never did take judicial notice of that. And so, while I think the evidence, in a sense, might be out there, it wasn't presented at the evidentiary hearing. And I think the court held the government to that. And the reason that, that I think we know that from the record, is in summarizing all of the evidence, and in summarizing why he was finding an, a, a, sustaining one allegation, he never mentioned the date of the removal or a prior removal. But if the court here accepts the argument that the the district court's oral ruling was ambiguous, wouldn't this court be implicitly requiring district courts to make more details in their rulings? Well, I think, if there were not an unambiguous judgment and minute order, then the court might have the opportunity to go back and figure out what did the district court actually mean. I think that's the, the court's case in O'Brien, what it said, and it was really dicked up, but it said, if everything is ambiguous, of course we're gonna try and figure out what the judge was thinking. But here we have an unambiguous judgment on an, an, that, that says, this was allegation four, not allegation three. And so, I really, there's no reason for us to go back and say, what did the court do? And I don't think that it would be too much for this court to require a district court to state on the record, clearly, I'm sustaining this allegation, and not this one, or both allegations. I, I don't think that's particularly cumbersome for the district court. I think that's what they do all the time. And perhaps that's what the district court thought he was doing in this case. It doesn't come off in the record. He doesn't expressly state, I think everyone is in agreement, that it was allegation four and not allegation three. But luckily, we do have the unambiguous judgment that, that the judge reviewed and signed. So, there's, the record is, is in the state, and it's kind of frozen there, and there's no reason to revisit that. Do you want to save any time for a vote? I do, your honor. Thank you. May it please the court, John Akegambe for the United States. Your honor, in this case, the appellant would like you to look at just the judgment, the written judgment, without considering the entirety of the proceedings before the district court. Well, isn't that what we're supposed to look at? I, I don't want to sound like Justice Scalia, but, isn't. I mean, isn't the judgment absolutely clear? And didn't you fail to object to it? Didn't you have every opportunity to object to the judgment? Your honor, the United States did not object to the judgment. However, under this court's precedent, when there is a ruling in the court, in front of the defendant, and a judgment that are, that are different. The court does look to the original intent of the district court in its oral judgment, and that's stated in this court's prior decisions in O'Brien and Munoz-De La Rosa. Where it's crystal clear in the judgment? Even if it's clear in the judgment, if there was something else that was said during the district court's oral discussions, during the evidentiary portions and the sentence. What would you, what would you point us to that's so clear in the oral discussion? I mean, he didn't say, I find allegation three and four. He didn't say anything very specific. So what, what do you think we should look at to decide that there's something in the oral judgment that should supersede what is a clear writing? Yes, your honor. The district court did not specifically sustain an allegation. However, there are numerous points in the, in the proceedings which show that the government did provide evidence that shows the prior deport and where the. This is a specific question. Point me to what the judge said that we should rely upon. The judge, first of all, the judge couched his sentencing. Point me to something. The judge couched the sentencing decision at ER, the records page 30. That was the beginning of the sentencing. And he said it was a grade B violation. And then he goes on to sentence the defendant. And during his time sentencing the defendant, he does look the sworn statement that the government provided. The first thing is after the judgment is entered. Do you have anything before the judgment is entered? During the evidentiary portion, your honor? No. During the evidentiary portion, there is a discussion at the time that the the defendant does the closing argument, and at that time the argument is made that the government did not sustain allegation three, which is, which is a section 1326 allegation. However, at that time, the court does state at the exodus of record 29, that had previously ordered the defendant to stay outside the United States. And it does look to the, the sworn statement and the evidence that the, that the United States did put before the court. Is there some reason you didn't object to the judgment at any time? Your honor, I do not know why we didn't object to the judgment when it came out. You know, I know there are some times some parties, you know, urge that we the other side, usually the defense, waived its rights because it didn't say the right thing to appeal, it didn't preserve something. Don't you think this is a case where you waived very clear opportunities to object to the judgment? Your honor, we did waive the opportunity to object to the judgment, because we did not object to it after it came out. However, it's our belief that the oral judgment pronounced in front of the defendant, in his presence, is the one that controls. And the judge at that time was very clear and the record at page 30 and 36. And then during sentencing that he found this to be a grade B violation with a range of 18 to 24. And at no point did the defendant object to that. In fact, he actually agreed to that sentencing range. But the district court never said, I'm sustaining allegation three. That's correct, your honor. And I thought there was an error in the probation officer's report where they indicated that both violations were a grade B violation. That may have prompted the error in the first place. I did look at the petition again and there does seem to be error in the last, page of the petition, where it lists the types of violations. It doesn't match up with what is said in the beginning on the first page of the petition. However, that wasn't brought up in court at all. And at the time the proceedings occurred, there seemed to be no uncertainty about the petition itself. It wasn't raised by the appellant, by the defendant, or the United States. At that time, the judge didn't seem to be confused by it either. You argue that the court should look at the oral pronouncement, despite the clear judgment in this case. But it's difficult to do that, I think, because the oral pronouncement doesn't indicate that the court sustained allegation three in this case. So, wouldn't the court have to conclude that the oral ruling is ambiguous and therefore the judgment controlled? Even if the oral ruling is ambiguous, which in our belief it's not because the judge did make a grade B violation finding twice. But even if this court finds that it was ambiguous, this court's precedent, and O'Brien and Munoz-De La Rosa state that when there are conflicting judgments, the oral and the written, this court can look to the district court's intent. And in the intent, this court can look at the entirety of the proceedings before the district court. This district court was in the unique position of having sentences defendant on the first conviction, and then a first supervised release violation, and the second supervised release violation. He had a student defendant come back time and time again after deportation, and he did have the documents that the government provided, which showed a prior deport of May 4th of 2012. So, considering all of those, the documents that were put forth, and the district court's finding that it was a grade B violation twice, I think the district court's intent is pretty clear from the entirety of the proceedings. You know, O'Brien, which you rely on, concludes, because we find the judgment was clear and unambiguous, we affirm the district court's denial. There, there was a clear and unambiguous judgment. Here, there is, there is also a clear and unambiguous judgment. I say in O'Brien, it would require a most unnatural and extraordinary interpretation of plain English to find an ambiguity, an ambiguity in the judgment. That's like this, no ambiguity in the judgment. Your Honor, but also in O'Brien, the, the court does say that the judge's original intent must be taken into consideration when they deliver oral pronouncements. When there's an ambiguity. Your Honor, I, I believe that there is a conflict here. And I mean, if, if there is an ambiguity in the, in, in the oral judgment,  in finding a grade B violation, even if he didn't sustain the specific allegation that pertains to that violation. Anything further? All right. Thank you, counsel. Thank you, Your Honor. If you have no further questions, I think you, thank you. Just a few quick things. I did want to point the court to one more quote from O'Brien that the, the government has cited. It says, if a clear oral sentence, if a clear oral sentence is pronounced in court, that must control over any subsequent clarification or modification. If, however, the oral pronouncement is ambiguous or open to reasonable interpretation, as the appellant contends here, it cannot possibly control. A truly ambiguous pronouncement can provide no guidance. And that's what's, that's what's happened here. And, and I think that the, what the government is pointing to in O'Brien is, is the comment that that court makes that if there's an ambiguity in the judgment, then we got to figure out what happened so we can look at the, the intent. I think my argument on that point was clearer than yours. I was just reading O'Brien. So, thank you. Thank you both very much. The case to be argued will be submitted.
judges: Du, Reinhardt, Clifton